IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| ZAKEYA STARKS | Case No.: 1:22-cv-00382-TSB |
| Plaintiff, | State Court Case No.: A2201970 (removed from Hamilton County Court of Common Pleas) |
| v. | |
| K.E.L.L.Y YOUTH SERVICES, INC. | **ANSWER OF DEFENDANT K.E.L.L.Y YOUTH SERVICES, INC'S TO COMPLAINT** |
| Defendant | |

Comes now the Defendant, K.E.L.L.Y Youth Services, Inc., by and through its counsel, and for it's answer to Plaintiff's Complaint does hereby state as follows:

1. The allegations contained in Paragraphs 1 and 2 of Plaintiff's Complaint are admitted.

2. The allegations contained in Paragraph 3 of Plaintiff's Complaint are admitted to the extent that the events and omissions alleged in the Complaint took place in Cincinnati, Ohio the remainder of the allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

3. The allegations contained in Paragraph 4 of Plaintiff's Complaint are admitted to the extent that Plaintiff was employed by \ K.E.L.L.Y Youth Services, Inc. however, to the extent set allegations refer to the Americans with Disabilities Act, The Family First Coronavirus Relief Act and RC§ 4112.01 et seq. said allegations are denied for want of information sufficient to form a belief as to their truth.

4. The allegations contained in Paragraph 5 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

5. The allegations contained in Paragraph 6 of Plaintiff's Complaint are admitted.

6. The allegations contained in Paragraphs 7, 8 and 9 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

7. The allegations contained in Paragraph 10 of Plaintiff's Complaint are admitted.

8. The allegations contained in Paragraphs 11, 12, and 13 of Plaintiff's Complaint are denied.

9. The allegations contained in Paragraphs 14 and 15 of Plaintiff's Complaint are admitted.

10. The allegations contained in Paragraph 16 of Plaintiff's Complaint are admitted to the extent that prior to June 6, 2020, Plaintiff could fully perform the essential functions of her job with or without reasonable accommodation however, the remainder of the allegations contained in Paragraph 16 of Plaintiff's Complaint after June 6, 2020, are denied.

11. The allegations contained in Paragraph 17 of Plaintiff's Complaint are admitted to the extent the Plaintiff was hired as a House Manager on or around May 19, 2022, and that Plaintiff was terminated on or around July 15, 2020, the remainder of the allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

12. The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

13. The allegations contained in Paragraphs 19, 20, 21, and 22 are denied for want of information sufficient to form a belief as to their truth.

14. The allegations contained in Paragraphs 23 through and including 29 of Plaintiff's Complaint are denied.

15. The allegations contained in Paragraphs 30 and 31 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

16. The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

17. The allegations contained in Paragraph 33 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

18. The allegations contained in Paragraph 34 of Plaintiff's Complaint are admitted to the extent that Plaintiff was paid in accordance with Family First Coronavirus Relief Act; the remainder of the allegations contained in Paragraph 34 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

19. The allegations contained in Paragraph 35 and 36 of Plaintiff's Complaint are denied.

20. The allegations contained in Paragraphs 37 through and including 44 are denied for want of information sufficient to form a belief as to their truth.

21. The allegations contained in Paragraph 45 of Plaintiff's Complaint are admitted to the extent on July 15, 2020, Plaintiff was terminated for job abandonment; the remainder of the allegations contained in Paragraph 45 of Plaintiff's Complaint are denied.

22. The allegations contained in Paragraphs 46 and 47 of Plaintiff's Complaint are denied.

23. The allegations contained in Paragraphs 48 and 49 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

24. The allegations in Paragraphs 50 through and including 56 of Plaintiff's Complaint are denied.

25. Defendant reavers Paragraphs 1 through 24 of this Answer in response to Paragraph 57 of Plaintiff's Complaint.

26. The allegations contained in Paragraphs 58 through and including 59 of Plaintiff's Complaint are denied.

27. Defendant reavers Paragraphs 1 through 26 of this Answer in response to Paragraph 70 of Plaintiff's Complaint.

28. The allegations contained in Paragraphs 71 through and including Paragraph 82 of Plaintiff's Complaint are denied.

29. There are no paragraphs numbered 83 to 131 and therefore no answer is called for.

30. Defendant reavers Paragraphs 1 through 29 of this Answer response to Paragraph 132 of Plaintiff's Complaint.

31. The allegations contained in Paragraph 133 of Plaintiff's Complaint are admitted to the extent that Plaintiff informed the Defendant she had COVID however, the remainder of the allegations contained in Paragraph 133 of Plaintiff's Complaint are denied.

32. The allegations contained in Paragraphs 134 through and including 140 of Plaintiff's Complaint are denied.

33. Defendant reavers Paragraphs 1 through 32 of this Answer in response to Paragraph 141 of Plaintiff's Complaint.

34. The allegations contained in Paragraph 142 of Plaintiff's Complaint are admitted to the extent Plaintiff informed Defendant she had COVID however, the remainder of the allegations contained in Paragraph 142 of Plaintiff's Complaint are denied.

35. The allegations contained in Paragraphs 143 through and including 150 of Plaintiff's Complaint are denied.

36. Defendant reavers Paragraphs 1 through 35 of this Answer in response to Paragraph 151 of Plaintiff's Complaint.

37. The allegations contained in Paragraphs 152, 153 and 154 of Plaintiff's Complaint assert two provisions of the Family First Coronavirus Relief Act and to the extent that said allegations differ from that statute and/or the application of that statute said allegations are denied.

38. The allegations contained in Paragraphs 155 through and including 159 of Plaintiff's Complaint are denied for want of information sufficient to form a belief as to their truth.

39. The allegations contained in Paragraphs 160 through and including 164 of Plaintiff's Complaint are denied.

## AFFIRMATIVE DEFENSES

40. The Complaint fails to state a claim upon which relief can be granted.

41. Provisions of the relief requested or the performance in lieu of such relief requested would be contrary to law.

42. Defendant states that the special damages of the Plaintiff is not specifically stated in the Complaint as required by Civil Rule 9(G).

43. The claims in the Complaint for alleged violations under the Family First Coronavirus Relief Act are moot and have been settled and/or are subject to an accord and satisfaction or otherwise compromised.

44. An award of punitive damages violates the due process clause of the 14th Amendment of the United States Constitution.

45. Plaintiff was an at will employee.

46. The claims in the Complaint exceed the scope of the EEOC jurisdiction.

Respectfully submitted,

/s/Patricia J. Trombetta
Patricia J. Trombetta (0005451)
Thomas F. Glassman (0061466)
Bonezzi Switzer Polito & Hupp Co. LPA
312 Walnut Street, Suite 2530
Cincinnati, Ohio 45202
Phone: 513.345.5503
Fax: 513.345.5510
ptrombetta@bsphlaw.ccom
tglassman@bsphlaw.com
*Attorneys for Defendant K.E.L.L.Y Youth Services, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was served this 1st day of July, 2022, via email upon the following:

Evan R. McFarland, Esq.
Matthew G. Bruce, Esq.
Brianna R. Carden, Esq.
Spitz Law Firm
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, Ohio 45246
Matthew.bruce@spitzlawfirm
Evan.mcfarland@spitzlawfirm.com
Brianna.carden@spitzlawfirm.com

*Attorneys for Plaintiff*

/s/Patricia J. Trombetta
Patricia J. Trombetta, Esq.